SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:  415.471.3100
Facsimile:   415.471.3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:  213.243.4000
Facsimile:   213.243.4199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL MUSIC CORP., BOOMER X PUBLISHING INC., SWIZZ BEATZ, DEAD GAME PUBLISHING, and LASTRADA ENTERTAINMENT CO., LTD. dba H&R LASTRADA MUSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>RSSN INC., RAYMOND BOULOS, and LEON M. BOULOS,<br><br>Defendants. | Case No.: 2:23-cv-01130<br><br>**COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT**<br><br>(17 U.S.C. § 101, *et seq*.) |

Plaintiffs, by their undersigned attorneys, allege:

## JURISDICTION

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege two (2) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant RSSN Inc. ("RSSN") is a corporation organized under the laws of the state of California with offices located at 6511 S. Greenleaf Avenue, Whittier, California, 90601.

6. At all times hereinafter mentioned, RSSN did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Sage, located at 6511 S. Greenleaf Avenue, Whittier, California, 90601.

7. Musical compositions were and are publicly performed at Sage.

8. On information and belief, Defendant Raymond Boulos is an individual who resides and/or does business in this district.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT

9. On information and belief, Defendant Leon M. Boulos (together with RSSN and Raymond Boulos, the "Defendants") is an individual who resides and/or does business in this district.

10. At all times hereinafter mentioned, Raymond Boulos and Leon M. Boulos were, and still are, officers, directors, and/or owners of RSSN.

11. At all times hereinafter mentioned, Defendants were, and still are, jointly responsible for the control, management, operation and maintenance of the affairs of RSSN.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Sage, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Sage.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITION**

14. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT

      (a) Defendants entered into a license agreement with ASCAP, effective January 1, 2009.

      (b) Defendants, however, failed to pay license fees as required by the license agreement.

      (c) Because of Defendants' failure to pay license fees due, on September 30, 2015, ASCAP duly terminated Defendants' prior ASCAP license for material default.

17.   Since termination of Defendants' ASCAP license for Sage, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

18.   Defendants have refused all of ASCAP's relicense offers for Sage.

19.   ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Sage constitute copyright infringement of ASCAP's members' copyrights in their musical works, and that the establishment is open to the public for business and presenting musical entertainment.

20.   Notwithstanding the foregoing, Defendants have continued to perform publicly ASCAP's members' copyrighted music, without permission, during the hours that Sage is open to the public for business and presenting musical entertainment.

21.   In undertaking the conduct complained of in this action, Defendants knowingly, intentionally, and willfully violated Plaintiffs' rights.

22.   The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

23.   The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

24.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Sage, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26.     The public performances on Defendants' premises of Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized:  neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28.     The many unauthorized performances at Sage include the performances of the two copyrighted musical compositions upon which this action is based.

29.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30.     The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any work in the ASCAP repertory, and from causing or permitting the said compositions, or any work in the ASCAP repertory, to be publicly performed at Sage, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:  February 15, 2023                ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Laura E. Watson*
    Sharon D. Mayo
    Three Embarcadero Center, 10th Floor
    San Francisco, CA 94111

    Laura E. Watson
    777 South Figueroa Street, 44th Floor
    Los Angeles, CA 90017

*Attorneys for Plaintiffs*